UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CIVIL DIVISION

FILED BY _____ D.C.
JAN 09 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

CASE NO.: 25-cv-21417-BLOOM/Elfenbein

KEVIN O'LEARY,

    Plaintiffs

v.

BENJAMIN ARMSTRONG,

    Defendants

_____/

## MOTION TO SEAL DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendant Benjamin Armstrong respectfully moves this Court for an order sealing his Motion to Set Aside Default Judgment, which contains sensitive and confidential mental health records documenting his diagnoses and treatment needs. These medical records implicate significant privacy interests that outweigh the public's common-law right of access to judicial records in this instance. Sealing the motion will protect Defendant's legitimate privacy rights in his mental health information while preserving public access to the remainder of the motion and its legal arguments. Given the Eleventh Circuit's strong but qualified presumption of public access, and the recognized sensitivity of mental health records, good cause exists to grant this narrowly tailored sealing request.

### FACTUAL BACKGROUND

1

Defendant Benjamin Armstrong was served with the Complaint in this defamation case while incarcerated in Volusia County Jail. Due to his incarceration and subsequently diagnosed serious mental health conditions—Armstrong was unable to timely respond to the Complaint. These mental health conditions were formally diagnosed by a licensed physician on July 2, 2025, and the physician certified that Armstrong requires placement in a 24-hour residential treatment program due to the severity of his conditions and the need for continuous monitoring.

In support of his Motion to Set Aside Default Judgment, Armstrong submitted Exhibit B, which contains his medical records and the physician's certification detailing his specific diagnoses and treatment requirements. These records are highly sensitive and contain detailed personal health information that implicates significant privacy interests. Armstrong's mental health information is directly relevant to his legal arguments regarding excusable neglect and the subjective mental state required for the actual malice standard in this defamation action.

While the public has a presumptive right of access to judicial records, mental health records are recognized as confidential medical information deserving protection from public disclosure. Armstrong seeks to seal this motion to set aside to protect his privacy interests without restricting public access to the substantive legal arguments and other filings in this case.

**ARGUMENT**

## FACTORS COURTS CONSIDER WHEN EVALUATING GOOD CAUSE

The Eleventh Circuit has identified several factors courts should consider when balancing these competing interests, including:

1. "Whether allowing access would impair court functions or harm legitimate privacy interests";
2. "The degree of and likelihood of injury if made public";
3. "The reliability of the information";
4. "Whether there will be an opportunity to respond to the information";
5. "Whether the information concerns public officials or public concerns"; and
6. "The availability of a less onerous alternative to sealing the documents."

Callahan v. United Network for Organ Sharing, 17 F.4th 1356.

## ARMSTRONG'S MENTAL HEALTH RECORDS WARRANT PROTECTION FROM PUBLIC DISCLOSURE

### Legitimate Privacy Interests in Mental Health Information

Armstrong has a legitimate privacy interest in his mental health records that warrants protection. The Supreme Court has recognized that a psychotherapist-patient privilege "serves important private interests by fostering an atmosphere of confidence and trust." Jaffee v. Redmond, 518 U.S. 1. This privilege also "serves the public interest by facilitating the provision of appropriate treatment for persons suffering the effects of a mental or emotional problem, the mental health of the citizenry being a public good of transcendental importance." Jaffee v. Redmond, 518 U.S. 1.

3

Federal law similarly recognizes the sensitive nature of mental health information. Under 42 U.S.C. § 290dd-2, confidentiality protections are afforded to substance abuse and mental health records, reflecting Congress's recognition of the heightened privacy interests in such information. 42 USCS § 290dd-2. Additionally, the HIPAA Privacy Rule strictly limits the disclosure of protected health information, including mental health records, in judicial proceedings without appropriate safeguards.

The Eleventh Circuit, through Rule 25-5, specifically instructs parties to "exercise caution in filing sensitive information such as... medical records." In re Edwards, 2025 U.S. App. LEXIS 23517. This recognition of the sensitive nature of medical records further supports Armstrong's request to seal his mental health information.

## Potential Harm from Public Disclosure

The disclosure of Armstrong's mental health diagnoses and treatment information would likely cause substantial harm to his privacy interests. Mental health conditions such as Bipolar disorder, Narcissistic personality disorder, and Dissociative identity disorder remain stigmatized in society, and public disclosure could lead to reputational damage, embarrassment, and potential discrimination. Courts have recognized that "concerns about... proprietary information... can overcome the public interest in access to judicial documents." OJ Commerce, LLC v. KidKraft, Inc., 34 F.4th 1232.

Federal regulations governing the disclosure of medical records in judicial proceedings require courts to "weigh the public interest and the need for disclosure against the injury to the patient or subject, to the physician-patient relationship, and to the treatment services." 38 USCS

§ 7332. Courts must also "impose appropriate safeguards against unauthorized disclosure" when granting access to such records. 38 USCS § 7332.

The severity of Armstrong's mental health conditions is evidenced by a physician's certification that he requires placement in a 24-hour residential treatment program, as he "cannot be adequately served in a program with less than 24-hour supervision." This medical assessment demonstrates that Armstrong's conditions are serious enough to significantly impact his functioning, further supporting the need to protect this sensitive information from public disclosure.

### Limited Public Interest in Specific Medical Records

While there is a general public interest in access to judicial records, this interest is significantly diminished with respect to Armstrong's specific mental health records. The public's interest in understanding the judicial process can be adequately served by maintaining access to the remainder of Armstrong's Motion to Set Aside Default Judgment and its legal arguments. The specific details of Armstrong's mental health diagnoses and treatment needs are not necessary for the public to understand the court's decision-making process.

## ARMSTRONG'S REQUEST IS NARROWLY TAILORED TO PROTECT LEGITIMATE PRIVACY INTERESTS

### Preservation of Public Access to Substantive Legal Arguments

While seeking to protect his medical records, Armstrong's request preserves public access to all substantive legal arguments and the majority of the case file. The public will maintain access to:

5

1. The Motion to Set Aside Default Judgment itself
2. The legal arguments regarding excusable neglect and actual malice
3. The factual background of the case
4. Other exhibits and supporting documentation

This approach ensures that the "general presumption that criminal and civil actions should be conducted publicly" is maintained, while protecting only the specific sensitive information that warrants protection. Chi. Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304. The public's ability to inspect and understand the legal proceedings remains intact, as the sealed exhibit does not impede comprehension of the substantive legal arguments presented in the motion.

## Compliance with Eleventh Circuit Requirements for Sealing

Armstrong's request complies with the Eleventh Circuit's requirements for sealing judicial records. The Eleventh Circuit has established that a party may overcome the presumption of openness by showing "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." United States v. Ochoa-Vasquez, 428 F.3d 1015. The protection of sensitive mental health information constitutes such an overriding interest, and sealing is tailored to serve that interest.

Furthermore, Armstrong's approach complies with the requirement that parties "refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically or in paper, unless otherwise ordered by the court." USCS Ct App 11th Cir, Cir R 25-5. By seeking to seal only the exhibit containing sensitive medical information, Armstrong is

taking appropriate steps to protect personal data while maintaining the integrity of the judicial process.

## CONCLUSION

For the foregoing reasons, Defendant Benjamin Armstrong respectfully requests that this Court grant his motion to seal Motion to Set Aside Default Judgment. Good cause exists for sealing this motion because it contains sensitive mental health records that implicate significant privacy interests recognized by federal law and Eleventh Circuit precedent. Armstrong's request is narrowly tailored to protect only his confidential medical information while maintaining public access to the remainder of the motion and its supporting documents.

Respectfully submitted,

Benjamin Armstrong
/s/ Benjamin Armstrong

624 6th Ave S
Nampa, ID 83651

## CERTIFICATE OF SERVICE

I hereby certify that on ~~December~~ JANUARY 6, 2026, I electronically or by mail filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that this document is being served this day on Plaintiffs via U.S. mail at the following address:

Jeffrey A. Neiman, Esq.

Florida Bar No. 544469

jneiman@mnrlawfirm.com

Brandon S. Floch, Esq.

Florida Bar No. 125218

bfloch@mnrlawfirm.com

Benjamin Armstrong
/s/ Benjamin Armstrong
624 6th Ave S
Nampa, ID 83651

8