UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-21417

KEVIN O'LEARY,

    Plaintiff,

v.

BENJAMIN ARMSTRONG,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO MAKE AVAILABLE TO COUNSEL ECF 31**

    This action arises from a sustained and malicious campaign of defamation by Defendant Benjamin Armstrong, a former cryptocurrency influencer known as "BitBoy Crypto," targeting Plaintiff Kevin O'Leary, a nationally recognized entrepreneur, investor, and television commentator. In late March 2025, Armstrong published a series of posts on X falsely accusing O'Leary of having "murdered" a couple and of paying "millions" to cover up the crime. These statements were demonstrably false. The accusations improperly resurrected a tragic 2019 boating accident involving O'Leary's family, in which O'Leary was not operating the vessel, was never charged with any wrongdoing, and in which his wife was fully exonerated following a trial. Despite the falsity of the claims, Armstrong disseminated them to hundreds of thousands of viewers, escalating the harassment by publishing O'Leary's private cell phone number and urging his followers to contact O'Leary directly.

    Armstrong's conduct occurred against a backdrop of repeated hostile and threatening behavior toward courts, judges, and opposing counsel in other matters, including conduct that resulted in his incarceration shortly before service of this lawsuit. After Armstrong failed to

respond to the Complaint (despite being given multiple extensions and sending a letter to the Court) (ECF 7, 8)), the Clerk entered default, and the Court subsequently entered default judgment as to liability on six counts of defamation per se and one count for publication of private facts. ECF 16. At a damages hearing held on October 30, 2025—at which Armstrong failed to appear—O'Leary presented unrebutted testimony establishing significant reputational harm, professional disruption, security concerns, and emotional distress, as well as expert testimony quantifying reputational injury. The proposed findings of fact and conclusions of law synthesize that evidentiary record and set forth the legal basis for compensatory and punitive damages. *See generally* ECF 28.

After the default judgment was entered in July 2025 and after the damages hearing occurred in October 2025, Defendant Benjamin Armstrong filed a motion seeking to seal his Motion to Set Aside Default Judgment on the ground that it contains sensitive and confidential mental health records, including physician-documented diagnoses and a certification requiring placement in a 24-hour residential treatment program. ECF 30 at 1–2. Armstrong asserts that these materials are relevant to his arguments concerning excusable neglect and the subjective mental state required for actual malice, but contends that their public disclosure would substantially impair his privacy interests and cause undue harm. *Id.* at 2, 6. He therefore asked the Court to seal only the confidential medical records—while leaving the remainder of the motion and its legal arguments publicly accessible—arguing that this narrowly tailored request appropriately balances the public's presumptive right of access against the well-recognized sensitivity of mental health information under federal law and Eleventh Circuit precedent. *See generally id.*

The Court granted Defendant's Motion to Seal the Motion to Set Aside Default Judgment (ECF 32), and it appears the Clerk thereafter sealed the Motion to Set Aside Default Judgment

itself (ECF 31). Defendant has not served Plaintiff with the sealed Motion—despite representing in his certificate of service that it was mailed to undersigned counsel (ECF 30 at 8)—and, because it is sealed, Plaintiff's counsel has no other means to access or review it.

Plaintiff cannot meaningfully respond to a motion it has not been served and cannot review. Compounding the issue, Defendant has not provided any contact information—such as a telephone number or email address—by which Plaintiff's counsel could request a copy of the sealed filing. *See* ECF 30 at 8 (listing an address but no other contact information). Plaintiff therefore respectfully requests that the Court permit the Motion to Set Aside Default Judgment to be made available to undersigned counsel, so that Plaintiff may review the filing and timely respond on the merits.

**WHEREFORE**, Plaintiff respectfully requests that the Court grant this Motion and order that Defendant's Motion to Set Aside Default Judgment (ECF 31) be made accessible to Plaintiff, so that Plaintiff may review the filing and respond within 14 days of access to the Motion for Set Aside.

Dated: January 19, 2026					Respectfully submitted,

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**

By: **/s/Brandon S. Floch**
Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Brandon S. Floch, Esq.
Florida Bar No. 125218
bfloch@nmfalawfirm.com

201 S. Biscayne Boulevard
Suite 1300
Miami, Florida 33394
Telephone: (954) 462-1200

*Attorneys for Kevin O'Leary*

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2026, the foregoing Motion was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that a copy of the Motion was sent by U.S. Mail, postage prepaid, to Defendant at his last known address as follows:

**Benjamin Charles Armstrong**
624 6th Ave S
Nampa, ID 83651

By: */s/Brandon S. Floch*
Brandon S. Floch