**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-cv-21417-BLOOM**

KEVIN O'LEARY,

       Plaintiff,

v.

BENJAMIN ARMSTRONG,

       Defendant.

_____

**PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE WHY DEFENDANT SHOULD NOT BE HELD IN CIVIL CONTEMPT AND FOR ISSUANCE OF A WRIT OF BODILY ATTACHMENT**

Plaintiff Kevin O'Leary ("O'Leary" or "Plaintiff") respectfully moves this Court, pursuant to its inherent contempt power and Federal Rule of Civil Procedure 69(a), for entry of an order: (1) directing Defendant Benjamin Armstrong ("Armstrong") to appear and show cause why he should not be held in civil contempt for his willful failure to comply with this Court's April 17, 2026 Order requiring him to complete, under oath, the Fact Information Sheet set forth in Florida Rule of Civil Procedure Form 1.977; (2) upon a finding of contempt, authorizing the issuance of a writ of bodily attachment directing the United States Marshal to take Armstrong into custody and bring him before this Court, with a purge provision permitting Armstrong to secure his release by completing and serving the required Form 1.977; (3) awarding Plaintiff compensatory sanctions, including reasonable attorneys' fees and costs incurred in connection with this Motion; and (4) granting such other and further relief as the Court deems just and proper.

1

## MEMORANDUM OF LAW

### I. INTRODUCTION

Armstrong has defied this Court at every stage of these proceedings. He failed to answer the Complaint. He failed to respond to the Motion for Default Judgment. He failed to appear at the evidentiary hearing on damages. He failed to respond to the Motion to Compel. He has not paid a single dollar toward the $2,828,000.00 Final Judgment entered against him. And now, despite this Court's Order compelling him to do so, he has failed to participate in post-judgment discovery. Armstrong's continuous disregard for this Court's authority has been deliberate.

On April 17, 2026, this Court entered an Order granting Plaintiff's Motion to Compel and directing Armstrong to complete, under oath, the Fact Information Sheet set forth in Florida Rule of Civil Procedure Form 1.977, including all required attachments, and to serve the completed sheet upon Plaintiff's counsel on or before June 1, 2026. *See* ECF No. 45. The June 1, 2026, deadline has passed. Armstrong has not served a completed Form 1.977, has not communicated with Plaintiff's counsel, and has not sought any extension or other relief from this Court.

Armstrong's unbroken pattern of defiance demonstrates that monetary sanctions alone will not compel his compliance. Plaintiff therefore requests that the Court issue an order to show cause, and upon Armstrong's failure to demonstrate an inability to comply, hold him in civil contempt and authorize the issuance of a writ of bodily attachment as the primary coercive sanction.

### II. FACTUAL BACKGROUND

**A. The Final Judgment.**

On February 13, 2026, this Court entered its Omnibus Order on Findings of Fact and Conclusions of Law, finding in Plaintiff's favor on six defamation per se counts and one publication of private facts count, and awarding Plaintiff $2,828,000.00 in damages, consisting of $750,000.00 in mental anguish damages, $78,000.00 in reputational damages, and $2,000,000.00

in punitive damages. *See* ECF No. 37. On February 26, 2026, this Court entered Final Judgment in Plaintiff's favor in the amount of $2,828,000.00, with post-judgment interest accruing pursuant to 28 U.S.C. § 1961. *See* ECF No. 43. The Court reserved jurisdiction to award attorneys' fees and costs. *Id*.

### B. Armstrong's History of Non-Participation.

Armstrong has refused to participate in these proceedings at virtually every stage. After being served with the Complaint on March 28, 2025, Armstrong failed to timely respond. *See* ECF No. 5. The Court sua sponte ordered Armstrong to respond by April 25, 2025, warning that failure to do so could result in sanctions, including entry of default. ECF No. 6. Armstrong sought and received a continuance to May 2, 2025, but then failed to file any response. *See* ECF Nos. 7, 8. Default was entered on May 6, 2025. ECF No. 13.

Armstrong failed to respond to Plaintiff's Motion for Default Judgment. *See* ECF No. 15. He failed to appear at the October 30, 2025, evidentiary hearing on damages, despite proper notice. *See* ECF No. 29. He waited 285 days after service and 246 days after default before filing a Motion to Set Aside the Default Judgment, which this Court denied. *See* ECF Nos. 31, 37.

### C. The Order Compelling Form 1.977 and Armstrong's Noncompliance.

On April 2, 2026, Plaintiff filed a Motion to Compel Armstrong to complete the Fact Information Sheet set forth in Florida Rule of Civil Procedure Form 1.977, pursuant to Federal Rule of Civil Procedure 69(a) and Florida Rule of Civil Procedure 1.560(b). ECF No. 44. Armstrong did not file a response. On April 17, 2026, this Court granted the Motion and ordered Armstrong to complete Form 1.977, under oath, including all required attachments, and to serve the completed sheet upon Plaintiff's counsel on or before June 1, 2026. ECF No. 45. The Order was entered on the docket on April 20, 2026, and Plaintiff mailed a copy to Armstrong at his last known address that same day. *See* Declaration of Brandon S. Floch.

The June 1, 2026 deadline has passed. Armstrong has not served a Form 1.977, communicated with Plaintiff's counsel regarding the Order, or sought an extension of time or any other relief from this Court.

## III. LEGAL STANDARD

### A. Civil Contempt in the Eleventh Circuit.

Federal courts possess the inherent power to enforce compliance with their lawful orders through civil contempt. *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). A finding of civil contempt must be supported by clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite, and unambiguous; and (3) the alleged violator had the ability to comply with the order. *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000).

Once the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to demonstrate a present inability to comply that goes beyond a mere assertion of inability. *Howard Johnson Co. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990). The contemnor must demonstrate in good faith all reasonable efforts to comply. *In re Lawrence*, 279 F.3d 1294, 1297 (11th Cir. 2002).

### B. This Motion Seeks to Enforce a Discovery Order, Not to Coerce Payment of a Money Judgment.

The relief sought here is not directed toward compelling payment of a money judgment but toward enforcing compliance with post-judgment discovery obligations. The Eleventh Circuit has held that civil contempt may not be used to coerce payment of a money judgment. *See CFTC v. Escobio*, 946 F.3d 1242, 1255 (11th Cir. 2020). However, the *Escobio* court expressly recognized that courts retain the inherent power to use civil contempt in ancillary proceedings in aid of enforcement, including to compel compliance with discovery orders. *Id.* at 1255. As the court

4

explained, if a court uses its contempt power to coerce a party into providing financial records, that is a proper use of the contempt power. *Id.* (citing *Combs v. Ryan's Coal Co.*, 785 F.2d 970, 981 (11th Cir. 1986)).

Here, Plaintiff does not seek to hold Armstrong in contempt for failing to pay the Final Judgment. Rather, Plaintiff seeks to hold Armstrong in contempt for failing to comply with this Court's Order compelling him to complete post-judgment discovery. This is a classic exercise of the Court's contempt power to enforce a coercive discovery order. *See Citronelle-Mobile Gathering*, 943 F.2d at 1301–02 (affirming civil contempt for judgment debtor's refusal to respond to interrogatories, produce documents, and appear for debtor's examination in post-judgment proceedings).

### C.  Available Sanctions, Including Bodily Attachment

District courts have broad discretion in fashioning civil contempt sanctions. *See United States v. City of Miami*, 195 F.3d 1292, 1298 (11th Cir. 1999); *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1202 (11th Cir. 2016). The Eleventh Circuit has identified the following categories of sanctions available upon a finding of civil contempt: (1) a coercive daily fine; (2) a compensatory fine; (3) attorneys' fees and expenses to the aggrieved party; and (4) coercive incarceration. *Citronelle-Mobile Gathering*, 943 F.2d at 1304. Sanctions may be imposed to coerce the contemnor to comply with the court's order but may not be so excessive as to be punitive in nature. *Id.* (citing *Matter of Trinity Industries, Inc.*, 876 F.2d 1485, 1493 (11th Cir. 1989)).

Coercive incarceration through a writ of bodily attachment is a well-recognized sanction for civil contempt. The Eleventh Circuit has affirmed the incarceration of contemnors who refuse to comply with court orders, provided the contemnor is given a purge provision. *See In re Lawrence*, 279 F.3d at 1297–98 (affirming incarceration for civil contempt for failure to comply

with turn-over order); *SEC v. Solow*, 396 F. App'x 635, 636 (11th Cir. 2010) (affirming incarceration for civil contempt with purge provision).

Federal courts in this District have issued writs of bodily attachment against contemnors who willfully refuse to comply with post-judgment discovery orders, including orders compelling completion of Form 1.977. *See, e.g.*, *Celeritech Int'l Corp. v. Superstar Holdings Inc.*, No. 24-cv-20836, 2025 WL 1865673, at *3–4 (S.D. Fla. May 5, 2025) (granting writ of bodily attachment for failure to comply with Form 1.977 and other court orders); *Gold v. Gold*, No. 18-cv-80890, 2023 WL 12152427, at *2 (S.D. Fla. Dec. 27, 2023) (Matthewman, Mag.) (warning of writ of bodily attachment and directing U.S. Marshal to bring contumacious judgment debtor before the Court if he fails to comply with order to complete Form 1.977).

Florida courts have likewise recognized that a writ of bodily attachment may issue against a judgment debtor who willfully fails to comply with post-judgment discovery orders, provided the order includes a specific purge provision and a finding of present ability to comply. *See Bowen v. Bowen*, 471 So. 2d 1274, 1280 (Fla. 1985); *Adams v. Utah Power Sys., LLC*, 255 So. 3d 968, 972 (Fla. 3d DCA 2018) (addressing procedural requirements for writ of bodily attachment for failure to comply with post-judgment discovery orders).

### D. Procedural Requirements for Bodily Attachment

Due process requires that before a court may impose civil contempt sanctions for conduct occurring outside the court's presence, the defendant must (1) be informed, through a show-cause order, of his purportedly contumacious conduct, and (2) be given a hearing at which he can be represented by counsel, call witnesses, and testify in order to show cause why he should not be held in contempt. *Mercer v. Mitchell*, 908 F.2d 763, 766–67 (11th Cir. 1990).

Additionally, before a writ of bodily attachment may issue, the court must make an affirmative finding that the contemnor has the present ability to purge the contempt. *Adams*, 255

So. 3d at 972. The contempt order must contain a specific purge provision that adequately informs the contemnor what he must do to purge the contempt. *Id*. Critically, the purge provision must be conditioned on compliance with the discovery order, not on payment of the underlying money judgment. *Eden v. Bank of New York*, 588 So. 2d 16, 16 (Fla. 4th DCA 1991).

**IV. ARGUMENT**

**A. Plaintiff Has Established a Prima Facie Case of Civil Contempt by Clear and Convincing Evidence.**

To establish a prima facie case of civil contempt, the moving party must show by clear and convincing evidence that: (1) the court entered a lawful order; (2) the order was clear and unambiguous; and (3) the alleged contemnor violated the order. *McGregor*, 206 F.3d at 1383. All three elements are satisfied here.

First, this Court's April 17, 2026 Order is a lawful order. It was entered pursuant to Federal Rule of Civil Procedure 69(a)(1) and Florida Rule of Civil Procedure 1.560(b), which mandates that the court "shall order" the judgment debtor to complete Form 1.977 upon the judgment creditor's request. The Order was entered after consideration of the applicable law and in the absence of any opposition from Armstrong.

Second, the Order is clear and unambiguous. It states in plain terms: "On or before June 1, 2026, Defendant Benjamin Armstrong shall complete, under oath, the Fact Information Sheet set forth in Fla. R. Civ. P. Form 1.977, including all required attachments, and shall serve the completed sheet upon Plaintiff's counsel." ECF No. 45 at 2. There is no ambiguity as to what was required, when it was due, or to whom it was to be served.

Third, Armstrong has violated the Order. *See* Declaration of Brandon S. Floch (noting that the April 17, 2026 Order was mailed to Armstrong). The June 1, 2026 deadline has passed. Armstrong has not served a completed Form 1.977 or any portion thereof. He has not

7

communicated with Plaintiff's counsel. He has not sought an extension or any other relief. The Court's Order has been met with silence and noncompliance.

### B. Armstrong Cannot Demonstrate an Inability to Comply.

Once the moving party establishes a prima facie case, the burden shifts to the alleged contemnor to produce evidence of a present inability to comply. *Howard Johnson*, 892 F.2d at 1516. A mere assertion of inability is insufficient—the contemnor must demonstrate in good faith all reasonable efforts to comply. *In re Lawrence*, 279 F.3d at 1297. Where the person charged with contempt is responsible for the inability to comply, impossibility is not a defense. *Id.* at 1300.

Armstrong cannot credibly claim an inability to comply with the Order. The Order required him to fill out a form and attach financial documents. This is not a task that requires specialized knowledge, legal training, or financial resources. It requires only that Armstrong provide truthful information about his assets, income, and liabilities. Armstrong has demonstrated the ability to communicate with the Court when it suits him: he filed a letter requesting a continuance in this case, and he filed a Motion to Set Aside the Default Judgment. ECF Nos. 7, 31. Nevertheless, he never sought relief from the deadline imposed by the Order, requested an extension, or otherwise advised the Court that he was unable to complete Form 1.977. The only reasonable inference is that Armstrong chose not to comply.

Moreover, Armstrong's pattern of non-participation throughout this litigation demonstrates that his noncompliance is deliberate. He has ignored virtually every deadline and order in this case. This Court has already found that Armstrong's prior failure to respond was not the product of excusable neglect. ECF No. 37 at 17–18. His continued refusal to comply with this Court's Orders warrants the imposition of contempt sanctions.

### C. A Writ of Bodily Attachment Is the Appropriate Coercive Sanction.

When fashioning a sanction to secure compliance, a district court should consider the character and magnitude of the harm threatened by continued contumacy and the probable effectiveness of any suggested sanction in bringing about the result desired. *Citronelle-Mobile Gathering*, 943 F.2d at 1304.

Armstrong's unbroken pattern of defiance demonstrates that monetary sanctions alone will not compel his compliance. Armstrong has not paid a single dollar toward the $2,828,000.00 Final Judgment. He has ignored virtually every filing, every order, and every deadline in this case. A per diem fine would be no more effective than the underlying judgment itself in compelling Armstrong's compliance. The only sanction likely to bring about the result desired is a writ of bodily attachment.

The Eleventh Circuit has approved coercive incarceration as a civil contempt sanction where the contemnor carries the keys to his own prison. *Combs*, 785 F.2d at 981 (quoting *Shillitani*, 384 U.S. at 368). Here, Armstrong carries the keys to his own release: he need only complete and serve the Form 1.977 to purge the contempt. The task is straightforward and within his ability to perform.

Federal courts in this District have issued writs of bodily attachment in analogous circumstances. In *Celeritech International Corp.*, the court granted a writ of bodily attachment after the judgment debtor repeatedly failed to comply with court orders, including the order to complete Form 1.977, and after monetary sanctions proved ineffective. 2025 WL 1865673, at *3–4. In *Gold*, the court warned that failure to comply with an order to complete Form 1.977 could result in a writ of bodily attachment directing the United States Marshal to bring the judgment debtor before the Court. 2023 WL 12152427, at *2.

9

Similarly, in *Daniels v. JP Morgan Chase Bank, N.A.*, the Florida Third District Court of Appeal upheld a writ of bodily attachment against judgment debtors who willfully evaded completion of Form 1.977 following a default judgment. 201 So. 3d at 12–13 (Fla. 3d DCA 2012), *rev'd on other grounds*, 99 So.3d 558 (Fla. 3d DCA 2012). The court found that the judgment debtors had "willfully evaded discovery in aid of execution of the final default judgment." *Id*. at 13. Armstrong, like the judgment debtors in *Daniels*, is a defaulting defendant who has willfully evaded post-judgment discovery.

### D.  The Proposed Purge Provision Satisfies Due Process.

A civil contempt order authorizing bodily attachment must include a specific purge provision that adequately informs the contemnor what he must do to purge the contempt. *Adams*, 255 So. 3d at 972. The purge provision must be conditioned on compliance with the discovery order, not on payment of the underlying money judgment. *Eden*, 588 So. 2d at 16.

Plaintiff proposes the following purge provision:

**"Armstrong may purge the contempt and secure his release by completing, under oath, the Fact Information Sheet set forth in Florida Rule of Civil Procedure Form 1.977, including all required attachments, and serving the completed sheet upon Plaintiff's counsel."**

This purge provision is specific, achievable, and conditioned solely on compliance with the discovery order. It does not require Armstrong to pay any sum of money. His confinement would therefore result from his own refusal to comply, not from any inability to do so.

### E.  The Court Should Also Award Compensatory Sanctions, Including Attorneys' Fees and Costs.

In addition to the writ of bodily attachment, the Court should award Plaintiff the reasonable attorneys' fees and costs incurred in bringing this Motion. Compensatory sanctions are appropriate

10

to make the aggrieved party whole for the expenses caused by the contemnor's noncompliance. *Citronelle-Mobile Gathering*, 943 F.2d at 1304; *PlayNation Play Sys. v. Velex Corp.*, 939 F.3d 1205, 1215–16 (11th Cir. 2019) (noting that allowing attorney fees recovered during contempt proceedings "provides parties with an added incentive to monitor and enforce an opponent's compliance with a court order").

## V. CONCLUSION

For the foregoing reasons, Plaintiff Kevin O'Leary respectfully requests that the Court enter an order:

(1) Directing Defendant Benjamin Armstrong to appear and show cause why he should not be held in civil contempt for his failure to comply with this Court's April 17, 2026 Order;

(2) Upon a finding of contempt, authorizing the issuance of a writ of bodily attachment directing the United States Marshal, or any other authorized officer, to take Armstrong into custody and bring him before this Court, with Armstrong to remain in custody until he purges himself of contempt by completing, under oath, the Fact Information Sheet set forth in Florida Rule of Civil Procedure Form 1.977, including all required attachments, and serving the completed sheet upon Plaintiff's counsel;

(3) Awarding Plaintiff reasonable attorneys' fees and costs incurred in connection with this Motion; and

(4) Granting such other and further relief as the Court deems just and proper.

Dated: July 5, 2026          Respectfully submitted,

**NEIMAN MAYS FLOCH & ALMEIDA PLLC**
By: /s/ Brandon S. Floch
Jeffrey A. Neiman, Esq.
Florida Bar No. 544469
jneiman@nmfalawfirm.com
Brandon S. Floch, Esq.
Florida Bar No. 125218
bfloch@nmfalawfirm.com
1 SE 3rd Ave., Ste. 1800
Miami, Florida 33131
Telephone: (954) 462-1200

*Attorneys for Plaintiff Kevin O'Leary*

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2026, the foregoing Motion was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that a copy of the Motion was sent by Federal Express, to Defendant at his last known addresses as follows:

Benjamin Charles Armstrong
624 6th Ave S
Nampa, ID 83651

By: /s/ Brandon S. Floch
Brandon S. Floch, Esq.

12